United States District Court
District of Massachusetts

|  |  |
|---|---|
| Cambridge Mutual Fire Ins. Co., <br><br> Plaintiff, <br><br> v. <br><br> Rust-Oleum Corp. et al., <br><br> Defendants. | Civil Action No. <br> 22-12211-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises from the ashes of a fire that damaged the property of the plaintiff's insured. Pending before the Court is defendant's motion for partial summary judgment. For the reasons that follow, the motion will be ALLOWED, in part, and DENIED, in part.

I. **Background**

In November, 2019, plaintiff's insured allegedly purchased one or more containers of Varathane Classic Stain ("Varathane"), a product manufactured by defendant Rust-Oleum Corporation ("Rust-Oleum"), from a store owned by defendant The Home Depot Inc. ("Home Depot").

Soon thereafter, plaintiff's insured applied Varathane to the floors and trim of his property in Chicopee, Massachusetts

- 1 -

and disposed of the rags used to apply Varathane in a plastic trash receptacle in the kitchen. The next day, plaintiff's insured returned to the property where he found the remnants of a kitchen fire. The Chicopee Fire Department purportedly determined that the fire was caused by spontaneous combustion of the disposed rags containing Varathane.

Plaintiff's insured filed claims with its insurer, Cambridge Mutual Fire Insurance Company ("Cambridge Mutual" or "plaintiff") to recover it losses. Plaintiff indemnified the owner for approximately $95,000 and brought the instant suit against defendants as subrogee. It alleges, inter alia, claims for breach of the warranty of merchantability and negligence based on a failure-to-warn theory.

## II. Motion for Partial Summary Judgment

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

## B. Analysis

The parties agree that Varathane is a "hazardous substance" under the Federal Hazardous Substances Act ("FHSA" or "the Act"). See 15 U.S.C. § 1261(f).

Defendants seek partial summary judgment on plaintiff's claim for failure to warn about the risk of spontaneous combustion on the grounds that 1) FHSA preempts state law failure-to-warn claims that exceed the requirements of the Act, 2) FHSA requires only that hazardous substances include warnings about "principal hazards," 3) spontaneous combustion is not a principal hazard and thus, 4) any claim based on a failure-to-warn theory fails because there is no duty to warn about the risk of spontaneous combustion as a matter of law.

### 1. Preemption

Plaintiff does not substantively dispute that FHSA preempts state law failure-to-warn claims concerning "hazardous substances" based on the theory that a product label should have included warnings that are not required by the Act. It even cites a case holding as much. See Mwesigwa v. DAP, Inc., 637 F.3d 884, 887 (8th Cir. 2011) (explaining that "[a] plaintiff cannot...bring a failure-to-warn claim based on a state-law theory that the product's label should have included particular warnings not required by the FHSA.").

Courts have uniformly held that FHSA "preempts all warnings-based claims seeking to impose...labelling requirements [on hazard substances] different from those stated in the FHSA." Rees v. W.M. Barr & Co., 736 F. App'x 116, 124 (6th Cir. 2018); see also Suarez v. W.M. Barr & Co, Inc., 842 F.3d 513 (7th Cir. 2016). The conclusion that FHSA preempts failure-to-warn claims seeking to impose additional labelling requirements follows logically from the structure of the statute the object of which is to

> provide nationally uniform requirements for adequate cautionary labeling of packages of hazardous substances[.]

Milanese v. Rust-Oleum Corp., 244 F.3d 104, 109 (2d Cir. 2001) (quoting House Comm. on Interstate and Foreign Commerce, Federal Hazardous Substances Labeling Act, H.R. Rep. No. 1861, 86th Cong., 2d Sess. 2 (1960)).

Furthermore, the text of FHSA is clear that "hazardous substance[s]" such as Varathane need only provide warnings of "principal hazard[s]." See 15 U.S.C. § 1261(p)(1)(E).

### 2. Spontaneous combustion is not a "principal hazard" under FHSA

Because FHSA preempts failure-to-warn claims that would impose added labelling requirements (i.e. requirements concerning non-principal hazards) defendants must demonstrate that spontaneous combustion is not a principal hazard.

To satisfy their burden, defendants maintain that four other federal district courts have found that spontaneous combustion is not a principal hazard within the meaning of FHSA. See State Farm Gen. Ins. Co. v. Sherwin-Williams Co., 2021 WL 4913558 (C.D. Ca. Jul. 26, 2021); McGrath v. Rust-Oleum Corp., 2013 WL 2896966 (E.D. Pa. Jun. 12, 2013); Penwell v. Rust-Oleum Corp., 2006 WL 3792660 (W.D. Wis. Dec. 22, 2006); Mains v. Sherwin-Williams Co., 640 F. Supp. 3d 373 (E.D. Pa. 2022). Plaintiff proffers no contrary caselaw nor has this Court found any decisions not in accord.

This Court agrees that spontaneous combustion is not a principal hazard under FHSA. The statute does not define "principal hazard" but lists the examples of items that are "Flammable", "Combustible", "Vapor Harmful", "Causes Burns" or "[are] [a]bsorbed through Skin." 15 U.S.C. § 1261(p)(1)(E). The implementing regulations of the statute describe "principal hazard" as "the principal or primary hazard(s) associated with a hazardous substance", and include the examples of substances that are "harmful or fatal if swallowed", "vapor harmful", "flammable" and "skin and eye irritant[s]." 16 C.F.R. § 1500.121(a)(2)(vii).

While both the statute and related regulations mandate warnings about combustibility and flammability, the specific risk of spontaneous combustion is not described in the statute.

The examples provided in both demonstrate that the required specificity of warnings for "principal hazard[s]" is very generalized. Semantically, the risk of "spontaneous combustion" is implied within the risk that a product can combust generally. Nothing in the statute or implementing regulations suggests that warnings must refer to spontaneous combustion or to any other more specific permutation of the risk of combustibility.

Accordingly, this Court agrees with defendant, and all other federal district courts to have considered the matter, that spontaneous combustion is not a "principal hazard" subject to mandatory warnings under FHSA.

### 3. Remaining arguments

The Court declines to consider plaintiff's arguments with respect to the adequacy of warnings in accompanying literature unrelated to spontaneous combustion because discovery remains ongoing. Accordingly, the Court will not preclude plaintiff from continuing to assert failure-to-warn claims based upon such a theory but, to the extent plaintiff asserts such a claim based on a theory that Varathane should have included a warning about spontaneous combustion, summary judgment will be entered for the defendants.

## ORDER

For the foregoing reasons, the motion of defendants, Rust-Oleum Corp., Rust-Oleum Sales Co. and The Home Depot Inc. for partial summary judgment (Docket No. 37) is, to the extent plaintiff asserts failure-to-warn claims based on a theory that Varathane should have included a warning about spontaneous combustion, **ALLOWED** but is otherwise **DENIED** without prejudice. **So ordered.**

 

 

_____
Nathaniel M. Gorton
United States District Judge

Dated: November 14, 2023